## MARK BERMAN *vs.* E. P. LANGLEY.

## Androscoggin.   Opinion March 30, 1920.

*Assumpsit upon a contract under seal.   Guaranty.   Structural defect.   Option.*
*Rescission.   Differentiation of general clause of guaranty from a*
*specific  clause.   Erroneous  instruction.*

This is an action of assumpsit to recover $800.00, the amount paid by the plaintiff to the defendant for an automobile purchased upon a contract under seal.   The case comes upon motion and exceptions.   A consideration of the exceptions will dispose of the case.

The contract contained two clauses of guaranty.   The first, that the machine should "be delivered by said vendor or his agent to said purchaser in good order and condition."   The second, "It is further understood and agreed between the parties that said vendor shall keep said car in repair for the term of one year from this date on account of any imperfections in the construction of said car at time of delivery to said purchaser or his agent."

The car was delivered under these provisions, used by the plaintiff and in the process of such use developed a structural defect which proved to be a flaw in the pump-shaft, inside the pump.

The exceptions turn upon the construction to be given to the second clause of the contract.   Was it intended, in case of a structural defect, to give the buyer the option of seeking the repairs, or recinding the trade?

*Held:*

1.   That the one year clause for repair of "imperfection in construction" was intended to differentiate the general clause to deliver in "good order and condition" from the specific clause giving one year to repair structural defects.

2.   That the contract contemplated a year in which structural defects might be repaired, if requested within the year.

3.   That the second clause did not give the plaintiff an option for a year, in which he might request repairs or recind.

4.   That the instruction did not differentiate between the clause for delivery in "good order and condition" and the one year clause for repairs, and was erroneous on that account.

Assumpsit to recover eight hundred dollars, paid by plaintiff to defendant for an automobile purchased upon a contract under seal. Plea, the general issue, with a brief statement.   Exceptions were

taken by defendant to certain instructions given to the jury by the presiding Justice.   Verdict for plaintiff for nine hundred and twenty-eight dollars.   Defendant filed a general motion for new trial. Exceptions sustained.

Case stated in opinion.

*Jacob H. Berman, and B. L. Berman,* for plaintiff.

*J. G. Chabot,* for defendant.

SITTING:   SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

SPEAR, J.   This is an action of assumpsit to recover $800.00, the amount paid by the plaintiff to the defendant for an automobile purchased upon a contract under seal.   The case comes up on motion and exceptions.   A consideration of the exceptions will dispose of the case.

The contract contained two clauses of guaranty.   The first:   That the machine should "be delivered by said vendor or his agent to said purchaser in good order and condition."   The second:   "It is further understood and agreed between both parties that said vendor shall keep said car in repair for the term of one year from this date on account of any imperfections in the construction of said car at time of delivery to said purchaser or his agent."

The car was delivered under these provisions, used by the plaintiff and in the process of such use developed a structural defect which proved to be a flaw in the pump-shaft, inside the pump.

The exceptions turn upon the construction to be given to the second clause of the contract.   Was it intended, in case of a structural defect, to give the buyer the option of seeking the repairs, or recinding the trade?   We do not think so.   It is common experience that any machine, however well-made, may contain a structural defect, either in material or workmanship.   It is perfectly obvious that a car with a defective pump-shaft due to a flaw in the shaft, or some other structural defect, could not be delivered "in good order and condition." It is equally obvious that the one year clause for the repair of "imperfections in the construction" of the car was intended to differentiate the general clause to deliver in good order and condition from the specific clause for the repair of hidden defects, whether of material or workmanship.   The latter clause was intended to protect the seller from what could not, in the very nature of things, be more

obvious to him than to the buyer. Hence this clause should be construed with reference to the circumstances, and the object it was intended to accomplish. It should be held to reserve to the defendant a reasonable opportunity to enable him to comply with the terms of the contract by making good a structural defect which neither party could anticipate or detect except upon greater or less use, rather than to be interpreted as a breach of the contract at the option of the purchaser. The contract contemplates a year in which a structural defect may be repaired. It would seem incredible that either party contemplated that the purchaser might use a car 364 days and run it perhaps 10,000 miles, then rescind and turn the car back upon the seller, upon discovery at that time that, when the car was delivered, there was a structural imperfection. Concealment of such a defect might easily lead to fraud.

The phrase "between both parties" is significant. The only way in which "both parties" could act, would be for the buyer to give notice of the defects and the seller to repair. In other words, the defendant could not keep his part of the contract unless the plaintiff was required to give notice on his part, of the defects claimed. Moreover, the case shows that the plaintiff and defendant acted upon the interpretation herein contained, as the plaintiff gave notice and the defendant did the repairs. We are accordingly of the opinion that the second clause of the contract before us did not give the plaintiff an option to either give the defendant an opportunity to repair or repudiate his contract and rescind, but imposed upon both parties mutual duties as above expressed. It was a covenant of good faith, that both the seller and purchaser should do the fair thing, in case of an unforeseen contingency.

The flaw in the pump-shaft, therefore, came clearly within the meaning of the contract as "an imperfection in the construction of said car at the time of delivery."

This being so it was incumbent upon the plaintiff to notify the defendant that a fault had developed in the car, whereupon it was the duty of the defendant to investigate to discover the cause and properly repair, if within one year, and found to be a structural defect.

The undisputed testimony shows that a new pump-shaft was installed at the instance of the defendant and the only defect complained of was the flaw in the pump-shaft, as shown by the following quotation from the charge of the justice, namely: "He says, as I

understand, and if I am not right in stating his position counsel will please correct me, that the automobile when delivered was not in good order and condition, because it had a defective pump-shaft, and that was the condition at the time of delivery, and as I understand it, the plaintiff claims that is what is relied upon as being the failure in respect to contract on the part of the defendant."

Upon this state of facts the presiding Justice instructed the jury as follows, as shown by Exceptions 1 and 4. Exception 1, is to the instruction: "If the machine was not in good order and condition at the time it was delivered, then the plaintiff had a right when he discovered it to rescind."

This instruction does not differentiate between the delivery in "good order and condition" and the one year clause and was erroneous on that account.

Exception 4 is to the instruction: "Now did the defendant deliver the machine in good order and condition? If he did the plaintiff had no case. If it was not in good order and condition, by reason of the existence of a defective shaft, the plaintiff would have a right to rescind if he did it promptly when he became informed of the actual condition."

This instruction ignores and nullifies the second, or repair clause, of the contract. For the reasons already given this instruction would appear to be erroneous.

It may not be improper to add that while a consideration of the exceptions disposes of the case, it is nevertheless the opinion of the court that the motion should have been sustained.

*Exceptions sustained.*